UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONAL HERNANDEZ GARCIA,

     Petitioner,

v.

                            Case No.:  2:26-cv-02065-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

     Respondents,

/

## OPINION AND ORDER

Before the Court are Ronal Hernandez Garcia's Second Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Hernandez Garcia's reply (Doc. 5).

Hernandez Garcia is a native of Cuba who became a lawful permanent resident of the United States on December 28, 2013.  On January 31, 2018, he was convicted of trafficking in counterfeit credit cards and sentenced to one year in jail.  On October 23, 2025, Border Patrol arrested Hernandez Garcia and charged him with removability due to the 2018 conviction.  On April 12, 2026, an immigration judge ordered Hernandez Garcia removed to Cuba. Hernandez Garcia appealed, so the removal order is not administratively final.

On April 24, 2026, Hernandez Garcia sought habeas relief from this Court.  The Court granted the petition in part and ordered the respondents to

bring Hernanez Garcia before an immigration judge for a bond hearing. On May 12, 2026, Immigration Judge Stuart Siegel denied bond because Hernandez Garcia had "not met his burden to establish that he is NOT a danger to the community/public safety risk." (Doc. 1-2 at 43).

In his second habeas petition, Hernandez Garcia argues the bond hearing was not adequate process under the Fifth Amendment, given the prolonged nature of his detention. He asks the Court to order the respondents to either release him or afford him an individualized bond hearing at which the government bears the burden of proof. In response, the government argues that the Court lacks jurisdiction to consider Hernandez Garcia's claims, and that the Board of Immigration Appeals ("BIA") is the proper venue. The government points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) only partially applies here. Some of Hernandez Garcia's arguments challenge the immigration judge's discretionary judgments and decisions. But he also asserts a bona fide due process claim challenging the framework the government used to decide whether he should

remain detained.  § 1226(e) does not strip the Court of jurisdiction to consider Hernandez Garcia's bona fide constitutional claim.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Hernandez Garcia's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process

3

Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under 8 U.S.C. § 1226, the longer the duration of Hernandez Garcia's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*; *see also Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016) ("The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness.").

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Hernandez Garcia's detention now exceeds eight months and could continue indefinitely raises constitutional concerns. But under the status quo, Hernandez Garcia has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears

the burden of proof.  *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Hernandez Garcia without presenting a justification. Remember: Judge Siegel put the burden of proof on Hernandez Garcia in the first bond hearing.  At no point since Hernandez Garcia's detention began in October 2025 has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Hernandez Garcia's right to be free from physical restraint.  A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Hernandez Garcia before an immigration judge for a second bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37

(BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Hernandez Garcia receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Ronal Hernandez Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Hernandez Garcia for an individualized bond hearing before an immigration judge or (2) release Hernandez Garcia under reasonable conditions of supervision. If the respondents release Hernandez Garcia, they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record

6